IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00056-KDB-DSC

| | |
|---|---|
| LVA INVESTMENTS LLC and<br>LANGTREE PROPERTIES LLC,<br>Plaintiffs,<br><br>v.<br><br>RSR SYCAMORE II LP,<br><br>Defendant. | )<br>)<br>)<br>) **MEMORANDUM AND**<br>) **RECOMMENDATION**<br>)<br>)<br>)<br>) |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER** is before the Court on Plaintiffs Langtree Properties LLC and LVA Investments LLC's Motion to Remand (Doc. 12), and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 3, 2018, Plaintiffs borrowed $10,000,000 from Defendant for the purpose of building 288 apartment units and related improvements in Iredell County. To document the loan, the parties executed a "Cash Flow Note" and a "Loan Agreement."

Paragraph 9.10 of the Loan Agreement contains a "Forum Selection" clause. It provides that:

> This agreement shall be construed in accordance with and governed by the laws of the state of North Carolina. Each party hereto (each, a "submitting party") hereby

irrevocably and unconditionally submits, for itself and its property, to the exclusive jurisdiction of the courts of the state of North Carolina and any appellate court thereof, in any action or proceeding arising out of or relating to the loan documents, or for recognition or enforcement of any judgment, and *each of the submitting parties hereby irrevocably and unconditionally agrees that all claims in respect of any such action or proceeding shall be heard and determined in such courts of the state of North Carolina to the extent permitted by law, in such federal court*. Each of the submitting parties agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. Each submitting party hereby irrevocably and unconditionally waives, to the fullest extent it may legal and effectively do so, any objection which it may now or hereafter have to the laying of venue of any suit, action or proceeding arising out of or relating to this agreement in any court referred to in this section 8.2. Nothing in this agreement will affect the right of any submitting party to serve process in any other manner permitted by law.

(emphasis added).

On January 6, 2022, Plaintiffs attempted to prepay the loan, but Defendants refused to accept the prepayment. Consequently, Plaintiffs commenced this action in Iredell County Superior Court on May 6, 2022.

On May 12, 2022, Defendant removed the action to this Court based upon diversity jurisdiction. Plaintiffs filed the Motion to Remand on June 13, 2022.

## DISCUSSION

**I. Plaintiffs' Motion to Remand should be denied because the forum selection clause is valid.**

When a contract contains a forum selection clause, federal courts "favor enforcement of the agreement, so long as it is not unreasonable." Albemarle Corp. v. AstraZeneca U.K. Ltd., 628 F.3d 643, 649 (4th Cir. 2010). Prior to determining whether to enforce a forum selection clause, the court must determine if it is mandatory or permissive. S. Farm Supply, Inc. v. Arctic Cat Sales, Inc., No. 5:09–CV–90–RLV–DSC, 2011 WL 279127 at *2 (W.D.N.C. July 14, 2011). "A mandatory forum selection clause provides the designated forum with exclusive jurisdiction over

any disputes while a permissive clause provides for jurisdiction at a designated forum, but not necessarily to the exclusion of other possible forums." Id. Permissive clauses will only mention jurisdiction, while mandatory ones will specify a certain venue. Id.

Here, the forum selection clause provides that "each of the submitting parties . . . agrees that all claims in respect of any such action or proceeding shall be heard and determined in such courts of the state of North Carolina to the extent permitted by law, in such federal court." This clause specifies that courts in North Carolina should have "exclusive jurisdiction." It does not specify any particular venue within North Carolina, nor does it mandate that the case be heard only in the state courts. To the contrary it provides that cases may be heard "in such federal courts." Therefore, it is a permissive forum selection clause that allows for this action to proceed in District Court.

The Court must now determine whether the forum selection clause is valid. See S. Farm Supply, Inc., 2011 WL 279127 at *2. "A forum selection clause is prima facie valid as a matter of law and should be enforced unless the resisting party can establish 'that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Id. (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). A forum selection clause will not be enforced if any of the following four elements are met:

> (1) its formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) the enforcement of the clause would contravene a strong public policy of the forum state.

Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996). Courts give greater deference to forum selection clauses that are negotiated by sophisticated businesses represented by counsel. See M/S Bremen, 407 U.S. at 12 ("The choice of that forum was made in an arms-length

negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts.").

This forum selection clause is valid. Plaintiffs have not established that its enforcement would be unreasonable or unjust or that there is fraud or overreaching by either party. First, neither party alleges fraud or overreaching by the other, and there is no evidence to support such a finding. In fact, Defendant points out that both parties were represented by counsel during the negotiation and signing of the Loan Service Agreement.

Second, Plaintiffs will not be denied their day in court because of grave inconvenience or unfairness of the selected forum. Plaintiffs are both limited liability companies in North Carolina, and this action is still in North Carolina pursuant to the forum selection clause. Therefore, the selected forum does not cause any grave inconvenience or unfairness to them.

Third, North Carolina state law is not fundamentally unfair to Plaintiffs and will not deprive them of any remedy. Plaintiffs commenced this action under North Carolina state law and still seek to apply state law pursuant to the Loan Service Agreement.[1]

Fourth, there is no strong public policy reason why this action cannot be heard in this Court. Both parties agree that this action can be brought in federal court under diversity jurisdiction pursuant to 28 U.S.C. § 1332. Additionally, in accordance with 28 U.S.C. § 1441, this action was removed to the United States District Court "embracing" the Iredell County Superior Court. 28 U.S.C. § 1441(a). The fact that this Court has jurisdiction over the proceeding and the forum selection agreement includes "in such federal court" means that there is no strong public policy reason favoring remand.

> II. **Plaintiffs' Motion to Remand should be denied, because the contract is unambiguous and allows for the action to commence in District Court.**

---

[1] "This Agreement shall be construed in accordance with and governed by the laws of the state of North Carolina."

When interpreting a contract under North Carolina law, courts look at "'the language of the contract . . . for indications of the parties' intent at the moment of execution.'" Johnston v. Pyka, 2022-NNCOA-289 ¶ 25, 872 S.E.2d 828, 833 (N.C. Ct. App. 2022) (quoting State v. Philip Morris USA, Inc., 359 N.C. 763, 773 (2005)). If the contract language is unambiguous, "'the court may not ignore or delete any of its provisions, nor insert words into it, but must construe the contract as written, in the light of the undisputed evidence as to the custom, usage, and meaning of its terms.'" Id. at 833-34 (quoting Martin v. Martin, 26 N.C. App. 506, 508 (1975)). Similarly, in ambiguous contracts, if it is reasonable to do so, courts should construe the document in a way that gives effect to each of its provisions. Id. at 834.

A contract is ambiguous "where the contract may be 'fairly and reasonably susceptible to either of the constructions asserted by the parties.'" Duke Energy Carolinas, LLC v. Kiser, 280 N.C. App. 1, 7 (2021). But just because there is some disagreement does not necessarily mean there is ambiguity. See id. ("'Ambiguity is not established by the mere fact that one party makes a claim based upon a construction of its language which the other party asserts is not its meaning.'") (quoting RME Mgmt., LLC v. Chapel H.O.M. Assocs., LLC, 251 N.C. App. 562, 568, (2017)). When interpreting a contract, "'[i]t must be presumed the parties intended what the language used clearly expresses, and the contract must be construed to mean what on its face it purports to mean.'" Id. at 8 (quoting Hartford Accident & Indem. Co. v. Hood, 226 N.C. 706, 710 (1946)).

The language of the forum selection clause is unambiguous. The provision specifies that any dispute between the parties will be subject to the "exclusive jurisdiction of the courts of the state of North Carolina," and that "any such action or proceeding shall be heard and determined in such courts of the state of North Carolina to the extent permitted by law, in such federal

court." When reading the contract as written, the parties clearly intended for any action to be heard in a North Carolina court, including a federal court. The contract meaning is clear and it allows for federal courts in North Carolina to hear disputes between Plaintiffs and Defendant.

Plaintiffs' construction is not a reasonable or fair interpretation of the contract. They argue that the reference to federal court was merely left over from an earlier draft as an oversight by the parties. But since both parties are sophisticated businesses that were represented by counsel, the Court concludes otherwise.

Even if the contract was ambiguous, the Court would still have to construe it to give effect to each of its provisions. The reference to "in such federal court" cannot be disregarded. Based upon its clear language, the forum selection clause allows for actions between the parties to be heard in both the state and federal courts of North Carolina.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be denied.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316;

Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED.**

Signed: July 21, 2022

David S. Cayer
United States Magistrate Judge